WOOLWORTH CO v RUSSO (2 cases)

Ohio Appeals, 2nd Dist, Clark Co

Nos 314 & 319. Decided June 14, 1933

Squire, Sanders & Dempsey, Cleveland, and Keifer & Keifer, Springfield, for plaintiff in error.

Cole, Bowman & Hodge, Springfield, for defendant in error.

## OPINION

By BARNES, J.

We have been favored with very able and comprehensive briefs presented by counsel representing the respective parties.

It will be advantageous to make slight reference to the evidence as it bears upon the issues.

Plaintiff makes claim for special damages in the sum of $150; $90 for four drying machines claimed to have been destroyed and $60 for linoleoum required to be replaced. The evidence supports these two items but in different amounts. Plaintiff's testimony relative to the linoleum was that there was a damage of $20 and there is no evidence supporting a higher amount. The evidence relative to the drying machines is greater than the $90 set out in the petition. Of course, if plaintiff would be entitled to recover special damages as to these two items he would be limited to the amount claimed so far as it is supported by evidence. The sum total would be $110.

We do not think the evidence supports the new matter contained in defendant's amended answer that the improvements were made with plaintiff's consent and acquiescence and in consideration of improvements and changes made in plaintiff's room. Therefore the charge of the court on this question can not be prejudicial to the defendant.

There is evidence of much work done in plaintiff's room not contemplated in defendant's general repair work and wholly for plaintiff's benefit and with his consent and acquiescence, but we are unable to find evidence warranting the conclusion that this work was done in consideration of other injuries or inconveniences suffered by the plaintiff.

Of course, if this work was done in plaintiff's room wholly for his benefit and with his consent or acquiescence it can not be

the basis for any of his claimed injuries or damages.

It is our conclusion that there is a failure of evidence to support any verdict for injury to business beyond nominal damages.

The only evidence bearing on this question is the testimony of plaintiff Russo in which he reads from his book of accounts his weekly receipts from February, 1931 to and including December 1931. It appears from this evidence that the receipts in May and June during the time that this repair work was going on were higher than any other two months during the year. Apparently it is the contention of counsel for plaintiff that the jury could accept the difference in weekly receipts following the completion of the improvements as attributable to the changes made by the defendant in its building. As this evidence is presented we think it is purely speculative and the jury should have been instructed not to consider it as a basis for determining damages. There are many reasons why the business of plaintiff may have increased and diminished and the jury should not be permitted to guess. We recognize that it would be very difficult for the plaintiff to bring in witnesses who would testify that they did not patronize Russo for the sole reason of some of the conditions concerning which he complains, but the difficulty of proof does not change the rule.

In determining the measure of damages we get little aid from reported cases for the reason that the rule is as varying as are the facts. In the case of **City of Cincinnati v Evans, 5 Oh St 594**, it is held that loss of profits does not furnish a proper criterion for estimating damages. In this case it was also stated that rental value alone would not be the proper basis. The court says that loss of the use of the property and the value of such use to the injured party is all that can be recovered.

In the case of **Cowdrick v Searles and others, 16 C.C. (N.S.) 280** it was held:

"Loss of profits in such manner were too speculative to be submitted to the jury."

In the case of **Frankel v Stemen, 92 Oh St 197-199**, we find the following:

"In an action for damages for breach of covenant for quiet possession, the question of whether there has been a breach and the amount of damages suffered thereby are questions for the jury under proper instructions from the court."

In attempting to apply these Ohio cases to the instant case we have difficulty in finding a well defined determination of the measure of damages. In examining the reported cases in other States we find great variance according to the facts of each particular case.

From an examination of all the cases we can properly lay down this principle, that where a lessee has been molested in his quiet and peaceable enjoyment of his leasehold in violation of a provision of the lease such lessee is entitled to recover in damages such amount as will fully and adequately compensate him for the losses he has sustained.

**Vol. 13 Ohio Jurisprudence, Damages, §26.**

Under the different state of facts of each particular case the rule will find its variance.

"It is fundamental in the law of damages that damage which is uncertain, contingent or remote is not a proper basis of recovery and under this general principle, the courts have frequently denied recovery for loss of profits upon breach of a contract on the ground that expected profits are dependent upon uncertain and changing contingencies and constitute no definite or trustworthy measure of the actual damages; in other words the loss does not permit the recovery of damages which can be ascertained only by speculative methods. No profits should be allowed which would depend upon the changes of trade; only those that are certain or that may be rendered reasonably certain by evidence may be recovered."

**Volume 13 Ohio Jurisprudence (Damages), §73.**

It should be understood that modern thought does not place an inhibition on the recovery of damages on the basis of profits or diminished volume of business but rather looks to the evidence to determine if it is of such a character as to take the determination of damages out of the field of speculation.

Ordinarily the measure of damages in cases of this character is the difference between the actual rental value of the premises leased and the stipulated amount to be paid under the lease.

62 A.L.R. 1311-1318.

**Insurance Company v Sheridan, 11 Oh Ap, 29-35.**

On the question of loss of profits see 62 A.L.R. 1321.

On the question of damage to business in the instant case there is a failure of evidence to sustain the verdict; on the question of diminution of rental value there is

no issue presented either in the pleading or the evidence.

We should make reference to that part of the testimony of Mr. Russo in which he stated that during the month of June he had cancellations of appointments from five to ten per day. There is no evidence as to why the appointments were cancelled, although presumably it is sought to leave the inference that it was due to the improvement. In the absence of any further evidence this would merely be a guess. The further inquiry arises in our minds as to what priced work these customers were intending to have done; whether or not they held coupons under the advertising campaign giving them two dollars worth of work for fifty cents; whether or not it was a permanent cancellation or merely a change of date and above all the customers' reasons for the cancellations.

Without this additional evidence this piece of evidence remains speculative.

Many items concerning which plaintiff complains of as a violation of his right of quiet and peaceful enjoyment are in no way connected up with the loss of business. For instance, can it be said that the removal of the windows opening into the stairway interfered with his business? There is no evidence that any customer or prospective customer complained about the removal of these windows or withdrew patronage for reason of the change. The same observation might be made relative to the change in the stairway, the repair of the toilets, removal of sign and the change of numbering of the entrance. These are things that may or may not have changed the rental value of the room. For that depreciation in rental value he might have recovered damages had he made such claim in his petition and introduced evidence on the question of depreciation of rental value. He might have even abrogated the contract of lease if the changes had been so substantial as to make his room unfit for the purposes for which he rented it. Being of the opinion that these conclusions are determinative of the entire case, it is unnecessary to go into the other question of error. There being an absolute absence of evidence on the question of loss to business this question should have been withdrawn from the consideration of the jury except for nominal damages. The special damages to the amount of $110 can be sustained under the evidence and if the plaintiff desires to accept that amount a remittitur will be ordered as to the remainder of the judgment and motion for new trial will be overruled, otherwise the motion for new trial will be sustained.

In case No. 319, we have considered the petition for a new trial and upon such consideration are of opinion there is no error apparent in the record prejudicial to the defendant and the petition in error in this case will be dismissed.

Exceptions will be allowed to both parties, if desired.

Entry may be drawn in accordance with this opinion.

By HORNBECK, PJ.

I concur in the judgment of reversal on the ground that there is insufficient proof of the general damages of plaintiff to permit the jury to measure them.

By KUNKLE, J.

I can not concur with my associates as to the amount of the remittitur which should be ordered. We agree that the verdict is somewhat excessive, but in my opinion the evidence discloses some damage which should be compensated in addition to the two items referred to in the majority opinion.

The trial court in its charge to the jury proceeded upon the theory that the plaintiff if molested in the quiet and peaceful enjoyment of his leasehold was entitled to recover damages in such amount as would compensate him for the loss that he actually sustained.

The majority opinion of this court announces the same rule and cites in support thereof 13 Ohio Jurisprudence, §26. We think this is the correct rule to be applied. Without attempting to review the case in detail, we find that the written lease in question provides that in the event the plaintiff performed his obligations under the lease, then he was entitled to quietly hold and occupy said premises together with the appurtenances during the term of the lease without any hindrance or molestation by the lessor or any person lawfully claiming under it. No claim is made that the plaintiff did not perform the conditions of the lease upon his part to be performed. When the testimony is considered as an entirety, we think the jury was entitled to find that the plaintiff at no time expressly waived this provision of his written lease. The most that can be claimed from his testimony is that his acquiescence was a conditional one and if his testimony is believed then the conditions were not complied with by the defendant. To constitute a complete waiver of this condition of his written lease would require a consideration

and also an acquiescence by the defendant in such waiver. The letter of defendant to Mr. Dial written in June discloses that the defendant never consented to any such conditional waiver. This letter clearly repudiates any liability upon the part of the defendant for any damage that may have been done the plaintiff by reason of such alterations and supports the theory of Mr. Shephard, the agent of defendant, that there was nothing the plaintiff could do to stop the work. The defendant in making these improvements proceeded upon the theory that any alterations it saw fit to make about the premises in question constituted no violation of the provisions of the lease. In this we think they were mistaken.

Our study of the record convinces us that the plaintiff was subjected to much annoyance and discomfort by reason of the making of these alterations and that there was a more or less constant objection upon the part of the plaintiff to the making of said alterations in the stairway, the windows, etc., etc., and also as to the manner in which the various alterations were being made. We are also of opinion that the jury was justified in finding that the plaintiff's business was more or less disturbed by the making of these improvements. We think the record fairly discloses actual damages in addition to the two items referred to for which compensation should be allowed.